IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK
2011 MAY 26 PM 1:47
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| **Caitlin Sjöstrand**<br>1085 Berwyn Lane<br>Newark, Ohio 43055 : | Case No. 2:11 cv 462 |
| Plaintiff, : | Judge JUDGE GRAHAM |
| v. : | Magistrate Judge |
| **Ohio State University**<br>205 Bricker Hall<br>Columbus, Ohio 43210-1357 : | **MAGISTRATE JUDGE KING** |
| **Agent for Service of Process**<br>Mike DeWine<br>Ohio Attorney General<br>30 E. Broad Street, 17th Floor<br>Columbus, Ohio 43215 : | |
| Defendant. : | |

## COMPLAINT
(Jury Demand Endorsed Hereon)

Plaintiff Caitlin Sjöstrand, by and through the undersigned counsel, sets forth the following as her Complaint against Defendant Ohio State University:

### PARTIES

1. Plaintiff Caitlin Sjöstrand is a natural person residing in Licking County, Ohio.

2. Defendant Ohio State University is a public university and a recipient of federal financial assistance.

### JURISDICTION AND VENUE

3. Counts I and II are brought pursuant to the laws of the United States and, therefore, the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count III utilizes the same core of

   operative facts and is subject to the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. 1391, due to the fact that Defendant's facility, Ohio State University (OSU), is located in Columbus, Ohio.

## FACTS COMMON TO ALL COUNTS

5. At the age of six (6), Plaintiff was diagnosed with Crohn's disease, an inflammatory bowel disease causing inflammation of the lining of the digestive tract.

6. Despite Crohn's disease, Plaintiff excelled academically with few accommodations. In June 2007, Plaintiff graduated *summa cum laude* from Granville High School.

7. In December 2009, after only 2½ years, Plaintiff graduated from OSU with a Bachelor of Science in Psychology. Plaintiff maintained a grade point average of nearly 3.8 and graduated *magna cum laude*.

8. After graduating from OSU, Plaintiff applied to be a Ph.D. candidate for Defendant's School Psychology Program. In her application, Plaintiff explained that her experience working with school officials to obtain accommodations for her Crohn's disease impacted her decision to seek a career in school psychology.

9. Plaintiff received a score of 1110 on the GRE, scoring 550 on the Qualitative portion of the test and 560 on the Verbal section. The School Psychology Program required 500 on each section.

10. On or about February 8, 2010, Plaintiff received an invitation to interview for admittance into the School Psychology Program for Fall 2010.

11. On February 26, 2010, Plaintiff interviewed with two faculty members of the School Psychology Program.

2

12. During each interview, the faculty members questioned Plaintiff at length about her ability to handle the stress and workload of the School Psychology Program given the fact that Plaintiff lived with Crohn's disease.

13. Approximately two weeks after the interview, Plaintiff obtained an online notification that she had been denied admittance to the School Psychology Program. Plaintiff received official notification in a letter dated March 17, 2010.

14. Seeking clarification on why she had been denied access to the School Psychology Program, Plaintiff made several telephone inquiries. On or about March 22, 2010, Plaintiff spoke with Timothy Graham, Academic Program Coordinator, Physical Activity & Educational Services, Student Services.

15. Mr. Graham stated that the only mark against Plaintiff stated in the file was that she "doesn't fit the program." Mr. Graham admitted that the reason was "vague" and "broad" given Plaintiff's excellent credentials. Because Mr. Graham could not offer an explanation for the denial, he advised Plaintiff to seek clarification from Dr. Laurice Joseph.

16. On or about April 7, 2010, Dr. Joseph advised Plaintiff that, although she did not have Plaintiff's file in front of her, Plaintiff was not a good "fit" for the program. When Plaintiff asked for clarification, Dr. Joseph opined that Plaintiff's application and interview responses showed that Plaintiff would be better suited for a career in school counseling rather than school psychology.

17. In response, Plaintiff explained that she knew the difference between school counseling and school psychology. Plaintiff questioned what in her application and interview indicated that she was interested in school counseling rather than school psychology. In

3

addition, Plaintiff asked what she could do to convince Dr. Joseph that her career goals involved school psychology rather than school counseling.

18. Dr. Joseph provided no specifics as to what Plaintiff wrote in her application or stated in her interview that led her to believe that Plaintiff was more interested in school counseling rather than school psychology. Dr. Joseph advised Plaintiff to change her application statement if Plaintiff chose to reapply.

19. On April 8, 2010, Plaintiff sent an email to Dr. Donna L. Pastore, Director, School of Physical Activity & Educational Services, College of Education and Human Ecology. In the email, Plaintiff explained the circumstances surrounding her denial to the School Psychology Program and questioned whether the denial was due to the fact that she had Crohn's disease.

20. In a letter dated April 22, 2010, Dr. Pastore stated that the decision to deny Plaintiff admission to the School Psychology Program was made "objectively." Dr. Pastore stated the reason for Plaintiff's denial into the Program was that "[t]he committee felt that [Plaintiff's] interests and motivation were a better match for counseling rather than school psychology."

21. After Plaintiff's denial, she applied for and was accepted to the School Psychology Program at Kent University, which actively pursued Plaintiff for its school psychology program.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. §12131 *et seq.*

22. Plaintiff restates the allegations of ¶¶ 1-21 as if fully rewritten here.

23. Defendant is a "public entity" as that is defined by 42 U.S.C. §12131(1)(B).

4

24. Plaintiff is a "qualified individual with a disability" as defined by 42 U.S.C. §12131(2), in that she could participate as a candidate in the Ph.D. School Psychology Program with little or no accommodations.

25. Defendant intentionally excluded Plaintiff because of her disability from participating in and/or denying the benefits of Defendant's services, programs or activities by denying her entrance into the Fall 2010 School Psychology Program.

26. Plaintiff states a claim of disability discrimination in violation of the ADA, 42 U.S.C. §12131 et seq., and requests all available relief pursuant to 42 U.S.C. §12133.

## COUNT II
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
## 29 U.S.C. §701 et seq.

27. Plaintiff restates the allegations of ¶¶ 1-26 as if fully rewritten here.

28. Defendant offers programs that receive federal funding.

29. Plaintiff is an "individual with a disability" as defined by 29 U.S.C. §794(20), in that she could participate as a candidate in the Ph.D. School Psychology Program with little or no accommodations.

30. Defendant intentionally excluded Plaintiff because of her disability from participating in and/or denying the benefits of Defendant's services, programs or activities by denying her entrance into the Fall 2010 School Psychology Program.

31. Plaintiff states a cause of action for violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §701 et seq., and requests all available relief pursuant to 29 U.S.C. §794a(a)(2) and (b).

## COUNT III
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 *et seq.*

32. Plaintiff restates the allegations of ¶¶ 1-31 as if fully rewritten here.

33. Defendant is an "educational institution" pursuant to O.R.C. §4112.022.

34. Defendant intentionally excluded Plaintiff because of her disability from participating in and/or denying the benefits of Defendant's services, programs or activities by denying her entrance into the Fall 2010 School Psychology Program.

35. Plaintiff states a claim for disability discrimination in violation of O.R.C. §4112.022(A), and requests all available relief pursuant to O.R.C. §4112.99.

**WHEREFORE,** Plaintiff prays for judgment in her favor, punitive damages, compensatory damages in an amount exceeding $250,000, attorneys' fees, costs, pre- and post-judgment interest, and any other relief to which she may be entitled.

Respectfully Submitted,

*/s/ Laren E. Knoll*
Laren E. Knoll (0070594)
The Knoll Law Firm, LLC
5248 Bethel Reed Park
Columbus, Ohio 43220
Telephone: 614-372-8890
Facsimile: 614-442-8718
Email: lknoll@knolllaw.com
*Trial Attorney for Plaintiff Caitlin Sjöstrand*

6

## JURY DEMAND

Plaintiff hereby requests a jury trial on all questions of fact raised by her Complaint.

Respectfully Submitted,

_____
Laren E. Knoll (0070594)
The Knoll Law Firm, LLC
*Trial Attorney for Plaintiff Caitlin Sjöstrand*