IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Caitlin Sjöstrand, | : | |
| Plaintiff | : | Civil Action 2:11-cv-0462 |
| v. | : | |
| Ohio State University, | : | Magistrate Judge Abel |
| Defendant | : | |

## Discovery Dispute Conference Order

On July 19, 2012, counsel for the parties participated in a telephone discovery dispute conference with the Court.

The dispute arises over the errata sheet for plaintiff Caitlin Sjöstrand's deposition (doc. 20-1). The 9-page errata sheet makes a number of substantive changes to Sjöstrand's testimony to "clarify the record" and "conform to the facts." *Id.*, PageID # 190. The major addition is a 5-page supplemental response to the following question:

> You had an opportunity to read Exhibit K [an April 22, 2010 letter from Donna Pastore to Sjöstrand responding to Sjöstrand's email asking why she was denied admission to the OSU school psychology Ph.d. program]. Are there any statements that are contained within this exhibit that are not true?

Doc. 20, Sjöstrand Deposition, p. 80, ll. 3-5, PageId # 174.

Defendant wants to reopen Sjöstrand's deposition for the sole purpose of examining her on the substantive changes to her deposition testimony made in the errata sheet. Plaintiff does not oppose the request. However, defendant further wants plaintiff to pay for the costs associated with reopening Sjöstrand's deposition.

Plaintiff counters that defendant would have incurred those costs if Sjöstrand had given the testimony in the errata sheet during her deposition. After the deposition, Sjöstrand reviewed Exhibit K and saw additional statements in the letter that were not true. The errata sheet contains additional information. It does not change her answer to the deposition question. See, *EEOC v. Skanska USA Building, Inc.*, 278 F.R.D. 407, 410-11 (W.D. Tenn. 2012)(Discussing case law regarding when a deponent may change the substance of her testimony). She further argues that imposing costs would deter plaintiffs from bringing suit and, if they brought suit, making substantive changes in their deposition testimony.

Defendant's counsel agreed that the changes in Sjöstrand's testimony were relevant to contested material issues of fact and that the changes assert facts that plaintiff might provide testimony about by way of affidavit when opposing a motion for summary judgment. Given that fact, defendant is benefitted by having the opportunity to take Sjöstrand's deposition before filing summary judgment. On the other hand, Rule 30(d)(1) limits a deposition to "1 day of 7 hours." Permitting a deponent to make substantive changes in her deposition testimony that necessitates reopening her deposition undermines the strong preference established by the Rules to complete depositions with minimum intrusion into the deponent's time and as cost efficiently as practicable. Weighing these interests, I determine that plaintiff Sjöstrand should pay the court reporter's attend-

ance fee for her reopened deposition but no further costs. *See, United States v. Piqua Engineering, Inc.,* 152 F.R.D. 565 (S.D. Ohio 1993).

It is so Ordered.

s/Mark R. Abel  
United States Magistrate Judge