IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Caitlin Sjöstrand, | : | |
| Plaintiff | : | Civil Action 2:11-cv-00462 |
| v. | : | |
| The Ohio State University, | : | Magistrate Judge Abel |
| Defendant | : | |

# ORDER

This matter is before the Magistrate Judge on plaintiff Caitlin Sjöstrand's June 29, 2012 motion to compel discovery (doc. 21).

Plaintiff Cailtin Sjöstrand brings this action contending she was denied admission to OSU's School Psychology Ph.D. program because of her disability. She seeks an order compelling defendant The Ohio State University to provide the applications, recommendation letters, questions in lieu of a letter of intent, PAES forms, resumes and/or curricula vitae, and the decision form for each of the master's applicants to the School Psychology Program. Sjöstrand asserts that she would have accepted admission to the Master's program if a space had been offered to her, and defendant could have offered her admission to the Master's program if plaintiff was not a good fit for the Ph.D. program. Although Sjöstrand acknowledges that she never specifically requested admission to the Master's program, she made repeated inquiries regarding the reason for her denial, her options for appealing the denial, and what she

needed to improve if she applied in the future. Further, Sjöstrand testified on deposition that during an April 7, 20910 telephone conversation she asked Dr. Laurice Joseph about admission to the Master's program, but that Joseph responded that admission to the program was not an option because all the positions had been filled. Plaintiff argues that the application materials of the Master's program applicants are relevant to determine whether these applicants mentioned the mission of the program and/or named a faculty member outside of the school psychology program as a mentor. Plaintiff maintains that the applicants for the Master's program are asked the same questions as the applicants for the Ph.D. program.

Defendant argues that the application materials submitted by applicants to the 2010 School Psychology Master's degree program are not relevant to plaintiff's claim that she was wrongfully denied admission to the Ph.D. program. According to the defendant, there is no basis in the record from which it could be inferred that plaintiff's Ph.D. application was compared to those of the Master's applicants, or that the Master's applicants were evaluated for admission according to the same standards applicable to the Ph.D. applications. Defendant also argues that the requirements of the Family Educational Rights and Privacy Act ("FERPA") render plaintiff's request overly broad and unduly burdensome. Defendants maintains that plaintiff's deposition testimony and her witness errata sheet fail to support her claim that the Master's applicants are relevant to her claims. Plaintiff only applied to the Ph.D. program. Nowhere in the complaint does she allege that she expressed an interest in being considered for the

2

Master's program during the application period. Defendant argues that the question of whether plaintiff would have been accepted into the Master's program in 2010 is irrelevant. Plaintiff's argument is based entirely on how she could have applied and whether she have would applied to the Master's program if the professors had invited her to apply to it. Defendant maintains that only the actual facts that occurred are relevant. Plaintiff's application was never compared to the applicants of the Master's program. Whether she was qualified for admission to the Master's degree program is not pertinent to her claim of disability discrimination.

In response plaintiff maintains that the application data of the Master's program applicants is relevant because Dr. Laurice Joseph and Dr. Antoinette Miranda testified that if, in reviewing a doctoral candidate's file they determined that the applicant would be a better fit for the Master's program, they could advise the doctoral applicant to apply for or accept admission to the Master's grog. Despite Sjöstrand's repeated inquiries regarding her options to appeal the decision to deny her admission into the Ph.D. program or to improve her candidacy if she applied in the future, defendants never offered her admission to the Master's program as an option. Plaintiff further argues that the application data for the Master's program are relevant to determine whether and how those applicants referred to the mission statement and philosophy of the School Psychology program.

<u>Discussion</u>. Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Here, the documents sought by plaintiff are simply not relevant to the claims or defenses in this case. Although plaintiff seeks to compare herself and her application with the applicants to the Master's program, Sjöstrand was not evaluated in comparison to these applicants. Her application was evaluated in comparison to the other applicants to the Ph.D. program. Comparing Sjöstrand's application to those of the applicants of the Master's program is simply not relevant because she was never evaluated against them in the process of her application. Even if she would have accepted a position in the Master's program, her statement of her willingness to do so after the fact is not relevant to the decision-making process underlying her claim. Although she indicated in her deposition that she asked if she could be considered an applicant to the Master's program, her request was made after all the slots in the Master's program had been filled. Plaintiff was never considered as applicant for the Master's program.

For the reasons stated above, plaintiff Caitlin Sjöstrand's June 29, 2012 motion to compel discovery (doc. 21) is DENIED.

s/ Mark R. Abel<br>
United States Magistrate Judge

4